UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

JAY C. MCILRATH, in his individual and representative capacity as Trustee—The Mcilrath Family 2002 Trust,

Defendant.

No. 2:15-cv-00180-MCE-DB

**ORDER**

Through the present action, Plaintiff Scott Johnson seeks damages and injunctive relief against Defendant Jay C. Mcilrath as Trustee of The Mcilrath Family 2002 Trust for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. Plaintiff claims he encountered various physical barriers at Defendant's store in Stockton, California. Plaintiff has moved for summary judgment, ECF No. 29,[1] in response to which Defendant argues that the Defendant trustee, Jay C. Mcilrath, has passed away such that entering judgment would be improper, and, in any event, the proper real party in interest who should be named as Defendant is the Mcilrath Family Limited

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

1

1 | Partnership, ECF No. 31.

2 |     Given the foregoing, this Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause in writing why this action should not be dismissed for failure to name or substitute the proper party. ECF No. 36. Plaintiff timely responded to the OSC, albeit in less than helpful fashion, referring the Court back to his original Motion. ECF No. 38. In addition, however, Plaintiff filed a Motion for Leave to File a First Amended Complaint, asking to substitute in the proper party. ECF No. 39.

    Based on the record before it, it is unclear to the Court who owns the subject property (i.e., the trust or the limited partnership). What is clear, however, is that Mr. Mcilrath is not a proper Defendant. Accordingly, the OSC is hereby DISCHARGED, and Plaintiff's Motion for Summary Judgment (ECF No. 29) is DENIED. That said, Plaintiff's Motion for Leave to Amend (ECF No. 39) is also flawed for failure to address Federal Rule of Civil Procedure 16(b), and is DENIED as well.

    Finally, the Court notes for the parties that resolving the issue of who owns the property underlying the claims in this action should not require a great deal of judicial intervention and is something that it expects to be clear by the time any further substantive motions are filed.[2] In the meantime, not later than twenty (20) days following the date this Order is electronically filed, Defendant's counsel is directed to file a notice complying with Federal Rule of Civil Procedure 25. Within thirty (30) days of the filing of that Notice, Plaintiff is directed to file, in conformity with Rule 16, a renewed motion to amend the existing complaint.[3]

///

///

---

[2] The Court need not assign responsibility to either side for the mess now before it as there appears to be ample blame to go around. Indeed, Defendant admitted ownership of the property in the Answer, ECF No. 4, but now argues a different entity should have been named. Moreover, all of the parties knew Mr. Mcilrath had passed away, but Defendant chose not to file an official notice of death, and Plaintiff went ahead and sought summary judgment as against a deceased party, anyway. Going forward, the Court expects a higher level of professionalism than has been exhibited to this point.

[3] A stipulation allowing Plaintiff to amend would be preferable.

Failure to timely comply with these directives will result in the imposition of sanctions, up to and including terminating sanctions (e.g, dismissing the action or striking Defendant's answer) upon no further notice to the parties.

IT IS SO ORDERED.

Dated: June 25, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE