UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JAY C. MCILRATH, in his individual and representative capacity as Trustee—The Mcilrath Family 2002 Trust,<br><br>Defendant. | No. 2:15-cv-00180-MCE-DB<br><br>**ORDER** |

Through the present action, Plaintiff Scott Johnson seeks damages and injunctive relief against Defendant Jay C. Mcilrath as Trustee of The Mcilrath Family 2002 Trust for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. Plaintiff claims he encountered various physical barriers at Defendant's store in Stockton, California. Plaintiff previously moved for summary judgment, ECF No. 29, in response to which Defendant argued that the Defendant trustee, Jay C. Mcilrath, had passed away and that the proper real party in interest is the Mcilrath Family Limited Partnership, ECF No. 31.

Given the foregoing, this Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause in writing why this action should not be dismissed for failure to

1

name or substitute the proper party. ECF No. 36. Plaintiff responded to the OSC and Plaintiff filed a Motion for Leave to File a First Amended Complaint. ECF No. 39.

Based on the record before it, the Court was able to determine that, if nothing else, Mr. Mcilrath is not a proper Defendant. Accordingly, it discharged the OSC and denied both of Plaintiff's motions. The Court then directed that Defendant file a notice complying with Federal Rule of Civil Procedure 25 and Plaintiff file a renewed motion to amend the existing complaint. Both sides timely complied, and presently before the Court is Plaintiff's renewed Motion to Leave to File a First Amended Complaint (ECF No. 44). For the following reasons, that motion is DENIED.[1]

Once a district court has issued a Pretrial Scheduling Order ("PTSO") pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference in this matter, the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

///

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

2

Id. (citations omitted). Plaintiff has fallen well short of showing the requisite diligence necessary to justify an order granting leave to amend. Mr. Mcilrath passed away over three and one half years ago on January 18, 2016, and defense counsel notified Plaintiff's counsel of his death immediately thereafter. Decl. of Mark Thiel, Ex. B. Despite having knowledge of Defendant's death for over three years, Plaintiff still contends that he "has been diligent in seeking amendment after the filing of the Statement of Death." Pl.'s Mot. at 4. According to Plaintiff, he "should not be penalized for waiting until after a Statement of Death was served, as required under the rules, to pursue amendment." Id.

The Court would agree if Plaintiff could not also himself have filed a Statement of Death at any time. See Rule 25 (permitting any party to file the statement). The issue is thus not whether Plaintiff's motion timely followed the formal statement being lodged with the Court. Instead, the question for instant purposes is whether Plaintiff was diligent in seeking amendment. He was not. Not only did Plaintiff fail to take any steps to ensure the proper party was before the Court (e.g., file a Statement of Death, move to amend, etc.) within the last several years, but he also filed a motion for summary judgment against a party he knew was deceased. Nothing about this shows the diligence required by Rule 16.[2] Accordingly, for the reasons just stated, Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 44) is DENIED.[3] Because this action cannot proceed against a deceased party, it is hereby DISMISSED, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 13, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] The Court has serious questions based on the additional arguments raised by defense counsel as to whether amendment would be futile in any event, but given the forgoing analysis, it need not resolve those questions here.

[3] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

3